McKinney, J.,
delivered the opinion of the Court.
The case of Lockwood v. Nye, 2 Swan’s Rep., 515, establishes that, under a statutory law, a remainder interest of a debtor, in either real or personal estate, is subject to attachment, in equity for the satisfaction of his debts.
And on general principles, we suppose there can be no doubt as to the right of a creditor, whose legal remedy has been exhausted, to subject such estate in remainder to the discharge of his debt. If this be so, it would seem to follow, that any definite future interest in property, either real or personal, if vested, in right, though not, in possession, might be subjected, in equity, to the satisfaction of creditors.'
*736 The correctness of this doctrine, in the abstract, is not so much controverted, as its application to this particular case. It is insisted that, under the provisions of the will of Spencer Clack, the interest of Thomas J. Clack, the debtor, cannot, at present, be made liable to the claims of the complainants. -
This makes it necessary to state certain provisions of the will.
The testator, after making certain specific bequests in favor of his minor children, with the view of making them equal with such of his children as were married and settled in life, proceeds to dispose of the residue of his estate as follows: ■
“ Item Third. — It is my will and desire, that all the balance of my property be kept together, by my executors ; and managed in the same manner, after my death, as before, until my youngest child shall arrive at the age of twenty-one years. And my executors are hereby clothed with full power to sell any of said property, real or personal, they may consider to the interest of the estate ; and in like manner, to purchase other property, real or personal; or exchange property. It being my will and desire, that they have the same power, in all respects, to manage my estate for the benefit of my children, as I could do were I living.”
“Item Fifth. — It is my will and desire, that when my youngest child shall arrive at the age of twenty-one years, that my property, both real and personal, shall be equally divided between my children, and the decendants of my children : — if any of them shall be dead and leave any children surviving them, Hhe children of such dead child taking the interest which his or her parent would have taken, if he or she had lived.”
Provision is made that his son John “ shall have the control and management of the farm ;” and likewise, that a widowed daughter, during her widowhood, shall remain in his family, “ and manage and control the domestic affairs,” with *737 out any charge against her. His sons John and Calvin are nominated executors of the will.
It is agreed upon the record, that the youngest child is now between-seventeen and eighteen years of age. It is further agreed, that the testator’s two youngest daughters, who were minors, have died since the making of the will, which bears date the 1st of February, 1854, and the testator died on the 30th of September of that year.
It is somewhat difficult to define, with technical precision, the exact nature of the interest of the executors under the third clause of the will, and of the devisees and legatees under the fifth clause. But one thing is very clear, — the interests of the respective devisees and legatees were not to be severed from the mass of the estate ; or to be enjoyed in possession, until the happening of a particular future event, namely, the coming of age of the youngest child ; and that event is yet distant some three or four years.
The entire estate is placed in the exclusive possession and under the control of the executors, with an unlimited power to manage it, and to convert, or exchange it, as in their judgment, may be most for the interest of all the children, until the 3roungest child shall attain his full age ; and- then it is equally to be divided between the surviving children, and the decend-ants of children who may have died, leaving children surviving them.
If the third clause be construed as carving out of the estate a particular interest of a chattel nature, to be vested in the executors for a limited time, that is, till the yougest son arrives at full age ; and the interest of the children, under the fifth clause, be considered as in the nature of a remainder— and we are at a loss how otherwise to regard these respective interests — then it will follow, inevitably, on principle, that the interests of the children, under the fifth clause, are vested interests, and not contingent, as argued for the defendants.
The remainder and the particular estate, are but different portions of the same entire estate. And both vest concur *738 rently, in point of riglit, though the remainder does not take effect, in possession, until the termination of the particular estate.
Supposing this to be the proper construction of the will, another question arises, upon which the determination of the case, in part, depends, and that is, when does the remainder interest, under the circumstances of this particular case, fall into possession ?
Has either of the children of the testator a right, under the provisions of the will, to demand that he shall be let into the possession of his share of the estate, until the happening of the event contemplated by the testator — the coming of age of his youngest child ? If not, it is clear that a creditor •seeking to subject such share to the satisfaction of his debt, .can stand on no higher or different ground.
The decree assumes that the object of the testator, or at least the primary object, in postponing the division of the estate until the youngest child (which was a son) should attain his majority, was with a view to the nurture, education, and care of his two infant daughters ; and that, inasmuch as they •are both dead, the reason of that provision has ceased, and consequently there no longer exists any sufficient cause for delaying the final division of the estate.
And in this view the chancellor decided an immediate division, and ordered an account.
We think the decree, in this respect, is erroneous. It is based upon a matter of pure speculation; and is in violation of the plain letter of the will. Thus far the will is set aside, and a new and different will is made for the testator. We cannot know what motives induced him to make this particular provision ; nor is the inquiry relevant. It is enough that he thought proper thus to ordain ; and his will, clearly expressed, stands as the law by which the courts must be governed in expounding the instrument.
If the youngest son had died before reaching the age of twenty-one years, it might, with some plausibility, be insisted *739 that, on his death, the division should take place. But, if we are correct in assuming, that, by implication, a particular interest or estate was vested in the executors, to continue until the youngest son should attain his full age, it would, perhaps, be difficult to maintain that such interest or estate could terminate, or be cut off before the period when the infant, had he lived, would have arrived at the age of twenty-one years.
The education and maintenance of the youngest son, is made a charge upon the income of-the entire estate, for which he is not to account. The support of the widowed daughter, is likewise a charge upon the income, for which she is not to account. The son, charged with the management of the farm, till the time fixed for division, also has an interest in the matter, as he is to be compensated for his services, and the compensation is, of course, to be paid out of the income. The decree is in conflict with these rights.
The will, in its whole scheme, and in all its arrangements and dispositions, looks to the full age off the youngest child, as the period for division. If we might conjecture that the interests of the minor children formed the inducement to the postponement of the division, then there is nothing, either in the context of the will, or extrinsic of it — so far as we can see from this record — to show that the interests of the infant son were of less consideration, in the testator’s view, than the interests of his infant daughters ; and it cannot be presumed that such was the case. We have at most, then, upon the hypothesis assumed, the case of only a partial failure of the object or purpose of this provision of the will; and clearly this would not be a sufficient ground for rejecting the provision — all other considerations aside. But we rest the determination of this point upon the ground that the time of division, in view of the manifest intention of the testator, is matter of substance. Upon the construction of the will, the meaning is apparent, that the time of division is the time when the devises and legacies should vest in possession ; and *740 the time, so far as respects the right of enjoyment, is annexed to the division or distribution of the estate, and not simply to the devises and legacies.
The cause will be remanded, to abide the period for division, fixed by the will, unless the parties shall mutually agree to an earlier division.
The decree will be modified accordingly.